**In the Matter of Thomas E. LaCOSSE, d/b/a LaCosse Construction Company, Debtor.**

**FIRST NATIONAL BANK & TRUST COMPANY OF ESCANABA and James Smith, Plaintiffs and Counter–Defendants,**

v.

**William J. BLACKMORE and Blackmore Sewer Construction, Inc., Defendants and Counter–Plaintiffs.**

**Bankruptcy No. HM 86–00068.
Adv. No. 86–0038.**

United States Bankruptcy Court, W.D. Michigan.

Nov. 13, 1989.

Terry F. Burkhart, Escanaba, Mich., for plaintiffs/counter-defendants.

Ralph A. Mantynband, Highland Park, Ill., for defendants/counter-plaintiffs.

## OPINION ON MOTION FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES

LAURENCE E. HOWARD,
Bankruptcy Judge.

Briefly, Defendant/Counter–Plaintiff Blackmore obtained a judgment in an Illinois federal district court on a complaint of fraud against the Debtor. Blackmore registered that judgment in the District Court for the Western District of Michigan, and Plaintiff/Counter–Defendant Bank sought to stay the enforcement of that judgment, alleging an interest in property subject to the judgment. Subsequently, the Debtor filed for bankruptcy in the Western District of Michigan.

Since that time, numerous allegations have been claimed and counterclaimed by the parties. Specifically, Blackmore alleges that the bank, through Smith, its officer, made an intentional material misrepresentation of the Debtor's financial condition and thus Blackmore was injured when he relied upon the statement and agreed to act as guaranty for the Debtor's loan, a loan that the Debtor defaulted upon. Plaintiffs/Counter–Defendants have filed a motion for partial summary judgment, on Defendants'/Counter–Plaintiffs' claim of punitive damages.

A motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c), as incorporated into Bankruptcy Rule 7056(c), is appropriate when there is no genuine issue of material fact, thus entitling the movant to judgment as a matter of law. In the instant case, movants argue that a claim for punitive damages cannot lie as a matter of law.

Initially, the two sides disagree over whether Michigan or Illinois law applies. To determine such an issue, I must look to the choice of law rules of the forum, being the State of Michigan. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).

Blackmore has alleged an intentional material misrepresentation, in that he relied upon the bank officer's statements as to the Debtor's financial condition. When Blackmore allegedly relied on those statements, he was in the State of Illinois. In Michigan, the traditional choice of law doctrine for torts, *lex loci delicti* (the place of the wrong), is no longer an absolute rule. In *Olmstead v. Anderson*, 428 Mich. 1, 29–30, 400 N.W.2d 292 (1987), the Michigan Supreme Court held that where the advantages of applying *lex loci delicti*, namely to prevent forum-shopping and to promote predictability, would not be served, and where the place of the wrong has no interest in having its law applied, the law of the forum state, *lex fori*, should be applied. If the place of the wrong does have an interest in having its law applied, then the interests of that state must be compared to the interests of the forum to decide whose law will be applied. *Id.* at 22, 400 N.W.2d 292.

Using the *Olmstead* reasoning in the present case, an application of *lex loci delicti* would not prevent forum-shopping, as Blackmore must adjudicate his claims in the Debtor's jurisdiction. In addition, since Illinois has an interest in having its law applied, due to the fact that Blackmore is an Illinois resident, the interests of Illinois and Michigan must be compared to determine which state's law should be applied to the issue of punitive damages.

The *Olmstead* case recognized a balancing of interests when the *lex loci delicti* has an interest in having its law applied. *Id.* at 22, 400 N.W.2d 292. However, that case did not expound upon how interests were to be balanced, as that issue was not before the court on the facts of that case. But the *Olmstead* decision pondered a situation, like the case before this court, where the law of the plaintiff's state of residence

**142**

conflicted with Michigan law. The court stated that, nevertheless, the issue of whether Michigan law should be displaced would undergo the same analysis, that is, whether the purposes of *lex loci delicti* would be advanced, and to what extent the plaintiff's state of residence had an interest in having its law applied. *Id.* at 29, n. 12, 400 N.W.2d 292. *Olmstead* cited several cases in which interests were weighed, one of them being *General Motors Corp. v. National Auto Radiator Mfg. Co.*, 694 F.2d 1050 (6th Cir.1982). That case delineated the balancing methodology as a process by which the court weighs the interests of both states, and if one state has more of an interest in having its law applied than the other state does, the former's law is applied. *Id.* at 1053–54. Since the *Olmstead* decision directs courts to ascertain whether Michigan law should be displaced, it would seem to follow that if the interests of both states are equal, then the law of the forum is to be applied.

Thus, I must examine Illinois' underlying policy for permitting punitive damages, and Michigan's underlying policy for permitting exemplary damages. As demonstrated in the case of *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 173, 23 Ill.Dec. 559, 565, 384 N.E.2d 353, 359 (1978), Illinois permits punitive damages as a mechanism to punish the wrongdoer and to deter others from similar conduct. Michigan, on the other hand, as demonstrated in *Veselenak v. Smith*, 414 Mich. 567, 573, 327 N.W.2d 261 (1982), permits exemplary damages, not to punish the wrongdoer, but to allow for full compensation to the injured party.

Illinois has an interest in ensuring that its residents receive all damages due to them by reason of a tortfeasor's conduct. Michigan has an interest in ensuring that its resident tortfeasors are not required to overcompensate injured parties. If Illinois law is applied, the purposes of the Michigan law are thwarted in that the wrongdoer is punished and the injured party is potentially overcompensated. If Michigan law is applied, the purposes of the Illinois law are thwarted in that the wrongdoer is not punished and the damage award may not be large enough to deter others in the future. Thus, since the interests of both states appear equal, and would be equally impaired, I must apply the law of the forum, which is Michigan.

 Exemplary damages are allowed, as an element of actual damages, to compensate the injured party. *Veselenak*, 414 Mich. at 573, 327 N.W.2d 261. This case involves an allegation of fraud, and it is a question of fact as to whether Smith's conduct rose to a level that an award of $250,000, which is the amount of the loan that Blackmore, as guaranty, paid on the Debtor's behalf, will not fully compensate Blackmore for his injury.

Thus, since both sides possess evidence on Smith's conduct and Blackmore's injury, and reasonable minds could differ, summary judgment is not proper and the motion is denied.